United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**RICHARD H. AGUILAR,**

       **Plaintiff,**

    **v.**

**NEW UNITED MOTOR MANUFACTURING, INC. DISABILITY INSURANCE INCOME PLAN,**

       **Defendant.**

                             /

**No. C 03-04387   WWS**

**ORDER TO SHOW CAUSE**

Upon review of the record, it appears to the Court that Mr. Aguilar's claim for disability benefits is time-barred under the plain terms of the Insurance Policy and the Plan.

The LINA Insurance Policy SLK-1074 states that written notice of claim must be given to the insurance company within 30 days after the occurrence or start of the loss on which a claim is based. Plan 0023. The Policy further provides that written proof of loss must be given to the insurance company within 90 days after the date of the loss for which a claim is made. Plan 0023. The Plan reiterates these provisions of the Policy verbatim. Plan 0313.

By Mr. Aguilar's own admission, through argument in the trial brief and his proposed findings of facts, Mr. Aguilar initiated a claim for disability benefits by telephone on or about January 22, 2002. Plan 0281-91; Pl.'s Proposed Findings of Fact at 3. This telephone call was followed by an integrated application for short-term and long-term disability benefits on or

**United States District Court**

For the Northern District of California

1  about February 12, 2002.  Plan 0199-0200; Pl.'s Proposed Findings of Fact at 3.  Yet,

2  Mr. Aguilar claims that he was disabled as of December 1, 2000, almost fourteen months prior

3  to the initiation of any claim for benefits.  Plan 0281-82; Pl.'s Trial Br. at 1, 2, 3,7; Pl.'s

4  Proposed Findings of Fact at 2.

5       The Policy and the Plan state that if notice is not received within the above-mentioned

6  time periods, "the claim will not be invalidated or reduced if it is shown that written notice was

7  given as soon as was reasonably possible."  Plan 0023, 0313.  However the record shows no

8  reason why Mr. Aguilar could not have submitted his claim earlier.  On the contrary, the record

9  fact that Mr. Aguilar received state SDI benefits of $491.00 per week for 52 weeks after he

10  stopped working on December 1, 2000, indicates that he was aware of the disability and could

11  have made a claim within the appropriate time period.  Pl.'s Proposed Findings of Fact at 5.

12       Plaintiff is directed to show cause on or before August 3, 2005, why the terms of the

13  Policy and Plan should not be enforced and judgment entered in favor of Defendant.  Defendant

14  may have until August 15, 2005 to respond.

15       **SO ORDERED.**

16  Dated: July 13, 2005

                           WILLIAM W SCHWARZER
                           SENIOR UNITED STATES DISTRICT JUDGE

17
18
19
20
21
22
23
24
25
26
27
28